IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYON,<br><br>    Petitioner,<br><br>  v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>    Respondent. | No. C 08-4180 WHA (PR)<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE; RULINGS** |

Petitioner, a California prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Humboldt County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

In 1998 a jury convicted petitioner of manufacturing methamphetamine and associated charges. With sentencing enhancements, he was sentenced to prison for seventeen years. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner also filed state habeas petitions, all of which were denied, and two federal petitions, both of which were dismissed without prejudice.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) section 11379.8 of the California Health and Welfare Code, imposing an additional ten-year sentence for manufacturing more than a certain amount of methamphetamine, should not have been applied to petitioner; (2) there was insufficient evidence to support imposition of the section 11379.8 enhancement; (3) his rights to due process, an impartial jury, and effective counsel were violated by the use of restraints at trial; (4) his Fourth Amendment rights were violated by the search of a van; (5) his bail of two million dollars was excessive; (6) the "detentions, arrest, warrants, and searches" violated his Fourth Amendment rights, the in camera procedure adopted by the trial judge for determining if sealed information should be revealed to petitioner violated his rights to due process, confrontation and the Fourth Amendment; and his counsel was ineffective in not challenging the confidentiality ruling; and (7) imposition of the ten-year enhancement violated petitioner's right not to be subjected to cruel and unusual punishment.

The first two issues are, at least in federal constitutional terms, the same. That is, his claim in issue one that his due process rights were violated because the enhancement should not have applied to him is based on lack of evidence, which is the same as issue two, the claim that

his due process rights were violated because there was not sufficient evidence to support the enhancement. Issue one will be dismissed.

Issue four is a Fourth Amendment claim; such claims cannot be the basis for federal habeas corpus relief. *See Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976)  Issue four will be dismissed. The Fourth Amendment claims in issue six also will be dismissed under *Stone v. Powell*.

There is no right to federal habeas relief based on the "excessive bail" clause of the Constitution; it applies only against the federal government. *See Galen v. County of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007). Issue five therefore will be dismissed.

The remainder of the claims are sufficient to require a response.

**C.    MOTIONS**

Petitioner asks for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented his claims adequately in the petition, and they are not particularly complex. The Court determines that the interests of justice do not require appointment of counsel.

Petitioner also asks for discovery, an evidentiary hearing, and an expansion of the record to allow him to establish a basis for equitable tolling of the one-year statute of limitations for filing his federal petition. Because the timeliness of the petition is not in issue at this stage of the case, the motions will be denied. For the same reason petitioner's motion for equitable and statutory tolling, filed with his petition, will be denied.

Petitioner also asked that a state law question be "certified" to the California Supreme Court. Federal district courts cannot certify state-law question to the California Supreme Court, only appellate courts can do that. *See* Cal. Rules of Court, Rule 8.548. The motion will be denied.

**CONCLUSION**

1. Petitioner's motion for an extension of time to provide a complete in forma pauperis application (document number 6 on the docket) is **GRANTED**. The application is deemed timely. Leave to proceed in forma pauperis (document number 7) is **GRANTED**. Petitioner's motions for an evidentiary hearing, for discovery, for appointment of counsel, and for expansion of the record (document number 2) are **DENIED** for the reasons set out above, as are his motion for certification to the state supreme court (document number 3) and his motion for tolling included with his petition.

2. Issue one, four and five and the Fourth Amendment claim in issue six are **DISMISSED**.

3. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.

4. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be

filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October    31   , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\AYON14180.OSC.wpd